IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 4:05CR3141 |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER ON |
| | ) | OBJECTION TO REVISED |
| v. | ) | PRESENTENCE INVESTIGATION |
| | ) | REPORT AND MOTION FOR |
| ROBYN TENESHA JACKSON, | ) | DOWNWARD DEPARTURE OR |
| | ) | ALTERNATIVELY DEVIATION FROM |
| Defendant. | ) | THE UNITED STATES SENTENCING |
| | ) | GUIDELINES |

Objection has been made by the defendant to paragraphs 47 and 48 of the Revised Presentence Investigation Report. The objection is that the offenses set out in those paragraphs should not be countable in her criminal history, because she does not "believe these accurately reflect the disposition of those cases at the time." The probation officer has responded that court documents in his possession match the information provided in the paragraphs. The prosecution offers to make these documents available to the defendant and to the court. No other evidence has been identified or offered by either the prosecution or the defendant. Accordingly, the prosecution may offer those documents in evidence at the time of the sentencing hearing, but no other evidence shall be received.

The Motion for Downward Departure or Alternatively Deviation Form(sic) the United States Sentencing Guidelines and the brief in support of that motion argue that a departure or deviation is warranted because of an exceptional post-offense/pre-arrest rehabilitation by the defendant and because of her family responsibilities.

The only evidence before me (and no additional evidence is anticipated, because no request has been made for an evidentiary hearing as required in the Order on Sentencing Schedule, filing 23) does not warrant any departure or deviation. The defendant's involvement in the possession and distribution of cocaine appears to have ended in April 2005, which was eight months before her indictment and ten months before her first appearance before the court. However, paragraph 75 of the Revised

Presentence Investigation Report says that she began daily use of marijuana laced with cocaine at the age of 25 and that this pattern of use continued until August 2005.  The first sheet of the Revised Presentence Investigation Report says that she was arrested on January 6, 2006, in Illinois on a federal warrant, which I take to relate to the present charge.  Paragraph 74 says that she was given a substance abuse evaluation at First Step Recovery and Wellness Center in Lincoln, Nebraska, on February 8, 2006.

Paragraph 76 says that she reported never having received treatment for substance abuse prior to her current treatment at First Step Recovery and Wellness Center in Lincoln, a treatment program of which she "is approximately halfway done . . ."  Her rehabilative efforts have not been atypical.  Neither can I say there is evidence that she has had a "fundamental change in attitude and lifestyle . . . well before the threat of prosecution in the instant case," as asserted in her brief.

As to her family ties and responsibilities, it is true that she is a single parent of two minor children and that the father of the children is deceased.  I see no evidence that there is no reasonable alternative for care of her minor children, nor does the Revised Presentence Investigation Report indicate that removal of her from the family will leave the children without adequate or appropriate care.  Her situation is not atypical.  The evidence does not warrant a departure.

IT IS ORDERED that the objections to paragraphs 47 and 48 of the Revised Presentence Investigation Report will be resolved at the time of the sentencing hearing.

IT FURTHER IS ORDERED that the Motion for Downward Departure or Alternatively Deviation Form (sic) the United States Sentencing Guidelines, filing 31, is denied.

Dated July 26, 2006.

>BY THE COURT
>
>s/ Warren K. Urbom
>United States Senior District Judge